UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUKE JOSEPH WARNER,<br>Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING, et al.,<br>Respondents. | )<br>)<br>)<br>)   Civil Action No.<br>)   18-10753-IT<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, this action is dismissed for lack of subject matter jurisdiction.

### I.    Background

On April 17, 2018, Luke Joseph Warner, a prisoner in custody at FMC Devens, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1] accompanied by his Motion Petition for Urgent Injunctive Relief [#2].[1] The petition names as respondents the prison medical director, the prison warden and the Federal Bureau of Prisons. Petitioner paid the $5.00 filing fee for habeas petitions.

In his petition, petitioner asserts that he suffers from several life-threatening medical disorders and that he has received inadequate medical care while incarcerated. Petitioner alleges that he has filed several unsuccessful grievances and that he is in the process of appealing the adverse rulings. Petitioner seeks to have the court order the following:

---

[1] Petitioner's emergency motion was denied without prejudice on April 20, 2018, for failing to provide notice to the adverse parties and failing to address the four factors required for the granting of injunctive relief.  See Order on Motion for Injunctive Relief [#3].

      a. an independent medical evaluation and treatment with leading oncology-infectious disease specialists in Boston;
      b. an independent medical evaluation and treatment with leading orthopedic sports medicine clinic in Boston;
      c. a complete, updated copy of his entire medical record;
      d. provision of orthopedic shoes;
      e. extension of lower bunk pass indefinitely;
      f. appointment of expert to conduct medical-psych evaluation and to monitor petitioner's health;
      g. appointment of a pro bono attorney with leave to file an amended complaint and to exhaust all administrative remedies; and
      h. enjoin the transfer of petitioner until he is restored to a healthy, stable condition.

*Id.* at ¶ 15 (request for relief).

## II. Discussion

An inmate may bring a petition for writ of habeas corpus under § 2241 where he alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a)(3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or length of custody and seek immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-499 (1973) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement"). Pursuant to cases such as *Preiser*, courts also have recognized challenges "to conditions of confinement ... under a habeas petition when some action taken or procedure used by prison administrators creates a likelihood that the period of incarceration will be longer." *Kane v. Winn*, 319 F.Supp.2d 162, 214 (D. Mass. 2004) (citations omitted).

Here, petitioner does not allege that he is entitled to release and does not assert a claim.that bears on the legality or duration of his confinement. Because his claims relate solely to the conditions of his confinement, Petitioner has not stated facts that would warrant habeas relief in this proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (holding that

"constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core [of habeas corpus]"); *see also Kamara v. Farquharson*, No. 97-12026, 2 F. Supp. 2d 81, 88-89 (D. Mass. 1998) (habeas can be utilized to challenge the "fact, duration or degree" of confinement but not a condition of confinement, such as inadequate medical care).

Prisoners may bring claims relating to medical care in a civil complaint, such as one filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied right of action to hold federal officers individually liable for constitutional violations; federal counterpart to claims brought under 42 U.S.C. § 1983) or under the Federal Tort Claims Act ("FTCA"). The court does not express any opinion as to the legal viability of a *Bivens*[2] or FTCA claim on the facts alleged here. Petitioner is advised that before filing a civil complaint he must (1) exhaust his administrative remedies, *see* 42 U.S.C. 1997e(a); and pay the $400 filing fee or, if he is granted *in forma pauperis* status, a filing fee in the amount of $350 (either in full or through withdrawals from his prison trust account in accordance with the availability of funds). *See* 28 U.S.C. §§ 1914, 1915(b).

**III.    Order**

Based upon the foregoing, it is it is hereby ORDERED that

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1] is dismissed for lack of subject matter jurisdiction; and

---

[2] A prisoner may prevail on an Eighth Amendment claim arising out of inadequate medical treatment only if he can show that the defendants were at least deliberately indifferent to his objectively serious medical condition. *Calderon–Ortiz v. LaBoy–Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002). Deliberate indifference entails something more than mere negligence. *Id.*

2. The Clerk shall enter a separate order of dismissal.

**So ordered.**

                                                /s/ Indira Talwani
                                                Indira Talwani
                                                United States District Judge

Dated: April 26, 2018